CULPEPPER, Judge.
This is a suit for total and permanent disability benefits and attorney’s fees under our Workmen’s Compensation Law. The *456 plaintiff, Carlton Freeman, Jr., was injured on November 10, 1972 during the course and scope of his employment with defendant, Louisiana Paving Company.[1] From the date of the accident until July 4, 1974, defendant’s compensation insurer paid plaintiff the maximum benefits allowable under the terms of the Compensation Act. In addition, the insurer paid all of the plaintiff’s medical expenses. This suit was instituted on July 26, 1974, after defendant ceased payment of compensation benefits. The trial court rejected plaintiff’s demands. Plaintiff appealed.
The issue is whether plaintiff was disabled beyond the time compensation payments were terminated.
The record shows that plaintiff’s left hand, the left side of his neck, and his face were burned when the tar hose he was holding burst. First, second and third degree burns resulted with third degree burns being confined to very small areas. The burns healed, leaving only slight scarring, consisting for the most part of patches of skin which were lighter or darker than normal. There was no damage to the muscle underlying the burned area. Plastic surgery was not recommended. The affected skin areas are now normal in the sense that there is no loss of sensitivity or other evidence of impairment to the nerve system. The oil and sweat glands in the burned areas function normally.
Plaintiff claims that as a result of the accident he is totally disabled because his left hand does not function normally and because a rash develops on the burned area of his neck and hand during hot or cold weather. There is no medical testimony to support these claims of disability. We first consider the evidence regarding injuries to plaintiff’s hand.
Plaintiff alleges that as a result of the accident he can neither voluntarily extend nor close the index and second finger on his left hand. He says the fingers constantly remain in a state of partial closure.
Physical therapy was prescribed following the accident to remedy this situation. When this therapy was discontinued in April of 1973, the treating physical therapist testified that the range of motion of the two fingers was normal or near normal even when the fingers were moved voluntarily by plaintiff. The general practitioner who referred plaintiff to the physical therapist was in substantial agreement with his assessment of the ability of plaintiff to use his hand.
Plaintiff’s hand was examined by an orthopedic surgeon in January of 1974 and again in April of 1975. The orthopedic surgeon testified that his examination revealed plaintiff had complete sensation of the hands and fingers. The musculature of the fingers was not damaged. There was neither atrophy of the fingers nor deminerali-zation of the bones. The lack of atrophy or demineralization indicate that plaintiff could and did use the left hand. Summarizing his findings, the orthopedic surgeon said that he could find no medical basis for plaintiff’s inability to use his left hand. The doctor stated there was nothing to preclude plaintiff from returning to manual labor.
The testimony of those who were qualified to give an opinion regarding the use of the left hand was uniform in its contradiction of plaintiff’s claim that the hand was unusable.
Moving next to plaintiff’s assertion that he suffered from a disabling condition of his skin, we consider the testimony of the dermatologist who examined plaintiff in April of 1975. Plaintiff’s dermatological complaints at the time of examination were that the previously burned areas of his neck and hand broke out in a rash in hot weather and chapped in cold weather. From her examination of plaintiff, however, the dermatologist concluded that plaintiff did not suffer from any disabling condition. There was no evidence of a rash or chapping at *457 the time of examination, but plaintiff had not recently been subjected to the type of weather and working condition which allegedly caused the problem. The doctor commented that heat and sweating would probably not produce a disabling rash. The dermatologist added that a rash or chapping could be prevented or controlled by application of ointment or other medication.
There is a reference in plaintiff’s brief to a possible injury to the eye resulting from the accident. There is no evidence in the record, however, to support .this claim.
Plaintiff has not argued that he is entitled to compensation for permanent disfigurement of his face or for the loss of use of a physical function, under the terms of LSA-R.S. 23:1221(4)(c). The evidence shows that the scarring is relatively minor and is not a serious permanent disfigurement. Similarly, there is no support in the record for a claim for serious permanent impairment of a physical function.
In summary, the medical evidence adduced at trial contradicts plaintiff’s assertion of disability. Considering the record as a whole, the evidence clearly supports the factual finding of the trial judge that plaintiff has no disability beyond the time compensation payments were terminated.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.

. Though T. L. James Company, Inc. is named as defendant in this suit, the parties stipulated that plaintiff was employed by defendant, Louisiana Paving Company, rather than T. L. James Company, Inc.